Hardy agt. Peters.

---

# SUPREME COURT.

THOMAS A. HARDY, respondent, agt. CHARLES G. PETERS and others, appellants.

*Examination before trial — When order properly granted.*

In an action by a customer against his stockbrokers to recover damages alleged to have been sustained by the wrongful sale of stocks, the defense was that the sales were properly consummated upon due notice to plaintiff, by whom they were ratified. An order for the examina-

tion of plaintiff before trial was granted on affidavits that during a part at least of the period covering the transactions the plaintiff was not in the city of New York, and most of the notices were sent by telegram, and that it was desired and expected to prove that plaintiff did receive some or all of the notices so sent to him:

*Held,* that the order was improperly vacated on the ground that it was sought only to find out what the plaintiff would swear to, and that the examination should be allowed, notwithstanding the plaintiff alleged in his complaint that defendants never demanded margins or collateral securities.

*First Department, General Term, June,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from an order vacating an order for the examination of the plaintiff before trial.

*C. L. Rives,* for appellant.

*J. Warren Lawton,* for respondents.

BRADY, *J.* — This action was brought by a customer against his stockbrokers to recover damages alleged to have been sustained by the wrongful sale of stocks. The answer admits that the sales referred to were made, but alleges that they were properly consummated and upon due notice to the plaintiff, by whom they were ratified. Upon the pleadings and the affidavits of the defendant Peters and one of the defendants' attorneys, an order was granted for an examination of the plaintiff as a witness before trial. Upon the return day of the order the plaintiff's counsel, upon the defendants' papers, moved to vacate it and the motion was successful, the learned justice presiding stating it to be his opinion that the applicant sought only to find out what the plaintiff would swear to, so as to enable him to meet and overcome it. The papers on which the order for the examination of the plaintiff was predicated were sufficient, *prima facie,* in form to entitle him to such examination, and, as will appear, in matters of substance as well. The gravamen of the defense is the notifica-

tion, which relates not only to demands for margin, but also to the time and place of the intended sale of the stocks of which complaint is made.

The affidavit of Mr. Peters shows that the plaintiff, during a part at least of the period covering these transactions was not in the city of New York, and that most of the notices were sent by telegram, and the allegation is that they desire and expect to prove that the plaintiff did receive some or all of the notices so sent to him, and when and where he received them. It is true that the plaintiff in his complaint alleges as follows :

" That defendants never demanded of plaintiff that he should deposit collateral security or margin, nor was there at any time any suggestions made or notice given to plaintiff by said defendants that said collateral security was desired or required by defendants before the alleged sale of stocks as hereinafter mentioned. "

But the defendants are not absolutely bound by this declaration, and although the means of proving these facts and the delivery of the notices by telegram at the offices to which they were sent may be accessible, it is quite apparent that proof of their actual delivery may be attended with many difficulties from which the defendants ought to be relieved. In reference to these notices and demands for margin or collateral security, it may be said, it is true, that if the plaintiff upon his examination adheres to the statements made in the complaint, of course the examination will not result in any advantage to the defendants. But of this the court cannot be assured from anything present before it. *Non constat* but that some fact and circumstances will be revealed upon the examination which would justify the inference that the plaintiff was mistaken in the allegation made, arising either from forgetfulness or other circumstances about which it is not necessary to indulge in any conjectures.

If the application here were regarded as a fishing expedition it would not be entertained for a moment, and this court would

Lewis agt. Stevens.

concur readily and cheerfully in the result expressed by the learned justice in the court below. But the court is not impressed that such is the character of the application. The plaintiff appears to have been traveling from place to place during a part of the period over which the transaction extended, and, if the telegrams were sent, it seems to be unjust to withhold, under our existing statutes, the right of examining him for the purpose of ascertaining whether he received them or not.

We do not deem it necessary to go into the consideration of the adjudications in reference to this subject, because, whenever it appears that the examination of an adversary is material and necessary, and the application is one not for the purpose of extracting evidence from him by unnecessary procedure, and when its good faith cannot be seriously questioned, it is almost a matter of course, under our statute, to direct the examination in the furtherance of justice.

In this case, upon the papers presented, all these elements are apparently present, and for that reason it is thought that the order appealed from should not have been made under the circumstances. It is further thought that it should be reversed, with ten dollars costs and disbursements of the appeal.

Davis, P. J., and Daniels, J., concur.

---

## COURT OF APPEALS.

Francis R. Lewis, respondent, agt. J. L. Stevens, appellant.

*Bail — Allowance of, made upon regular notice — When will not be set aside.*

The court cannot set aside an allowance of bail made upon regular notice, on account of excusable neglect of plaintiff's attorney to attend at the justification.

When a sheriff has once been legally discharged from his liability as bail, he cannot be reinstated therein (*Reversing S. C.*, 48 *N. Y. Superior R.*, 559).

*Decided, June,* 1883.